IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| CANDIS J. QUERIO, | Case Number: 20-22097-GLT |
| Debtor, | Chapter 7 |
| UNITED STATES TRUSTEE, | |
| Movant, | Hearing Date & Time: **March 18, 2021 at 9:30 a.m.** |
| v. | Response Deadline: **March 8, 2021** |
| CHARLES F. FOX, III, Esq., | |
| Respondent. | |

### MOTION TO IMPOSE SANCTIONS AGAINST CHARLES F. FOX, III, ESQ.

Comes Now, the United States Trustee, Andrew R. Vara, by and through his undersigned counsel, and respectfully moves for the entry of an order imposing sanctions against Charles F. Fox III, Esq., attorney for the debtor, and in support thereof represents as follows:

I.     PRELIMINARY STATEMENT

This motion is being filed because Attorney Fox devised and executed a scheme to prepare and record a misleading, backdated mortgage against property owned by the debtor, in a duplicitous attempt to shield equity in the property from legitimate creditors. Specifically, in January 2020, Attorney Fox recorded a mortgage against the debtor's property, in favor of the debtor's mother, and falsely dated his signature on the Mortgage as of November 2013. The mortgage was recorded less than six (6) months prior to the commencement of this bankruptcy, and a mere nine (9) days after Attorney Fox received payment from the debtor for his services in this case. Attorney Fox has, also, failed to comply with multiple bankruptcy requirements, rules and/or procedures in his representation of the debtor. These widespread deficiencies mandate

sanctions against Attorney Fox and call into question his fitness to practice before the Bankruptcy Court.

## II.  FACTS

1. Andrew R. Vara is the United States Trustee for Regions 3 and 9 (the "United States Trustee").

2. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard regarding this Motion.

3. Attorney Charles F. Fox, III is an attorney practicing at Uncapher, Uncapher and Fox, 171 Columbia Avenue, Vandergrift, PA 15690.

4. On July 13, 2020, Attorney Fox commenced this case under chapter 7 on behalf of the debtor, Candice J. Querio (the "Debtor").

5. In 2006, the Debtor purchased real property located at 1130 Terrace Avenue, Vandergrift, PA 15690 (the "Property").

6. According to information provided by Attorney Fox, the Debtor's mother, Janice Hansen, and her then-stepfather, Keith Hansen, were included on the deed because they provided financing for purchase of the Property. The Debtor was to repay them at the rate of $400.00 per month. They did not record a mortgage on the Property.

7. According to information supplied by Attorney Fox, Janice and Keith Hansen divorced in 2013 and deeded their interests in the Property to the Debtor. From that time and until January 2020, Janice Hansen took no action to record a mortgage against the Property to secure payment.

2

8. The Debtor's Statement of Financial Affairs, in answer to question 16, discloses that on January 22, 2020, the Debtor paid Attorney Fox $900.00 for his services. [Dkt. No. 1, p. 38].

9. On January 31, 2020, Attorney Fox recorded a mortgage against the property in favor of the Debtor's mother, Ms. Hansen.

10. A true and correct copy of the Mortgage is attached hereto as **Exhibit "A".**

11. The Mortgage was falsely and deceptively dated as of November 21, 2013, and the Mortgage purports to have been signed by Attorney Fox on November 21, 2013.

12. Attorney Fox now acknowledges that he actually signed the Mortgage in 2020.

13. On her Schedule A/B, the Debtor disclosed her ownership of the Property an listed its value as $89,000.00. [Dkt. No. 1, p. 10].

14. On her Schedule D, the Debtor disclosed an alleged secured debt owed to Ms. Hansen in the amount of $74,741.00, the security for which is an asserted mortgage against the Property, which she valued at $89,000.00. The Debtor further represented that the debt owed to Ms. Hansen was incurred in 2013. [Dkt. No. 1, p. 18].

15. Schedule D, as prepared by Attorney Fox, is materially misleading in that it gives the reviewer the impression that the mortgage was given in 2013.

16. Nothing in Schedule D places the reviewer on notice that the Mortgage was actually recorded in 2020, or that Ms. Hansen is the Debtor's mother.

17. Debtor's Statement of Financial Affairs question 18 asks whether the Debtor made transfers of property within the two (2) years prior to the filing of the bankruptcy, specifically stating that the debtor should "[i]nclude both outright transfers and transfers made as

security (such as the granting of a security interest or mortgage on your property)." The Debtor answered "No." [Dkt. No. 1, p. 38].

18. The Debtor's answer was false. Attorney Fox knew this answer was false when he prepared it because he signed and recorded the Mortgage just six (6) months earlier.

19. In response to Statement of Financial Affairs question 7, the Debtor responded "No" when asked if she made payments on a debt that was owed to an insider within the one (1) year prior to the filing of the voluntary petition for relief. [Dkt. No. 1, p. 36].

20. This response was false, and Attorney Fox knew, or should have known, it to be false when he prepared the response because he knew the Debtor made monthly payments to Ms. Hansen.

21. In response to Statement of Financial Affairs question 16 (doc. 1, p. 38), the Debtor disclosed that on January 22, 2020 she paid Attorney Fox $900.00 for bankruptcy related services. [Dkt. No. 1, p. 38].

22. Attorney Fox recorded the Mortgage nine (9) days *after* receiving payment from the Debtor for his bankruptcy services.

23. In the fourteen (14) years from when the Property was purchased (2006) until the Mortgage was recorded (January 31, 2020), Ms. Hansen held a general unsecured claim against the Debtor.

24. Through the filing and recording the Mortgage by Attorney Fox, the Debtor attempted to convert her mother's unsecured claim into a secured claim in accordance with Attorney Fox's deceitful scheme to protect the equity in the Property.

25. The Mortgage was avoidable pursuant to, *inter alia*, 11 U.S.C. §§ 547 and/or 548.

26.     On November 23, 2020, the case trustee, Lisa M. Swope, Esq., commenced an adversary proceeding against Ms. Hansen, at 20-2192 GLT, to obtain an order avoiding the Mortgage, thereby rendering the Property free and clear of any liens so it could be liquidated by the Trustee for the benefit of creditors.

27.     In response, Ms. Hansen filed an answer, ostensibly *pro se*, in which she states that on December 10, 2020, she filed a satisfaction piece with respect to the Mortgage, "which certifies that the debt secured by [the Property] has been satisfied and discharged." The effect of the satisfaction piece is to afford Trustee Swope the relief that she sought through the adversary proceeding.

28.     The immediate filing of the satisfaction piece in response to the adversary complaint is telling evidence of the deceitful nature of the evasive scheme that Attorney Fox effectuated.

29.     When preparing the Debtor's Statement of Financial affairs, Attorney Fox was well aware of that the Debtor had made a transfer of property that was required to be reported in question 18, as he signed the Mortgage. (Attorney Fox admits to signing the Mortgage in 2020 rather than the false, backdated date of his signature (November 21, 2013)).

30.     Additionally, the Debtor's Schedule J lists her "rental or home ownership expense for [her] residence" as $400.00 per month. [Dkt. No. 1, p. 32].

31.     Accordingly, Attorney Fox was or, should have been, well aware that the Debtor was making monthly payments to her mother, an insider, that were required to be reported in question 7 of her Statement of Financial Affairs. (Attorney Fox prepared the Debtor's Schedule J which lists the $400.00 monthly mortgage payment.)

5

32. By correspondence dated December 18, 2020, the United States Trustee inquired into Attorney Fox's actions.

33. A true and correct copy of the letter from the United States Trustee to Mr. Fox dated December 18, 2020 is attached hereto as **Exhibit "B"**.

34. In its letter, the United States Trustee (i) requested a copy of the signature pages to the Petition, the Schedules, and the Statement of Financial Affairs bearing the Debtor's wet signature; asked Attorney Fox to disclose whether the Mortgage was in fact signed by him on November 21, 2013; (ii) asked him to disclose whether any compensation was paid to him by or on behalf of the Debtor, in addition to the $900 disclosed in the Statement of Financial Affairs; and (iii) requested that he provide a copy of the engagement letter that was executed by the Debtor in connection with this bankruptcy.

35. Attorney Fox responded by correspondence dated December 30, 2020.

36. A true and correct copy of Mr. Fox's letter response dated December 30, 2020 is attached hereto as **Exhibit "C"**.

37. Rather than provide copies of the Debtor's wet signatures, he provided a electronic filed copy of the Debtor's bankruptcy Petition, Schedules and Statement of Financial Affairs. He admitted that "The Mortgage was not signed by me on November 21, 2015" (presumably referencing November 21, 2013, his backdated signature date on the Mortgage). He further disclosed - for the first time - that additional compensation of approximately $900 was paid to him by the Debtor, and provided an invoice dated July 20, 2020. Finally, he stated that he had no engagement letter with the Debtor.

38. A true and correct copy of an invoice of Mr. Fox dated July 20, 2020 is attached hereto as **Exhibit "D"**.

39. Because Attorney Fox's December 30 correspondence failed to adequately respond to his inquiries, by letter dated January 7, 2021, the United States Trustee again asked Attorney Fox for copies of the signature pages bearing the Debtor's signatures.

40. A true and correct copy of the letter from the United States Trustee to Mr. Fox dated January 7, 2021 is attached hereto as **Exhibit "E".**

41. Attorney Fox responded by correspondence dated January 15, 2021: "I have been unable to obtain the debtor's wet signature on the petition, schedules and the statement of financial affairs but will obtain the signature within the next couple of days."

42. A true and correct copy of the letter reply from Mr. Fox dated January 15, 2021 is attached hereto as **Exhibit "F".**

43. In the January 7 correspondence, the United States Trustee asked Attorney Fox to clarify the date of his signing the Mortgage given his previous ambiguous response. Attorney Fox stated in Exhibit F: "I apologize for the mistake made that was made with regard to the date that I signed the mortgage. **The mortgage was signed by me in 2020.**" (emphasis added).

44. Finally, the United States Trustee asked Attorney Fox about his failure to comply with LBR 9037-1 regarding documents that he filed that contained personal identifiers.

45. On July 13, 2020, Attorney Fox filed Debtor income records containing personal identifiers. [Dkt. No. 4]. On July 14, 2020, the Clerk of Court entered a corrective entry directing Attorney Fox to LBR 9037-1 regarding redaction. [Dkt. No. 6]. On July 14, 2020, Attorney Fox refiled the income records. [Dkt. No. 8]. On July 15, 2020, the Clerk of Court entered another corrective entry [Dkt. No. 10], which provided:

> CORRECTIVE ENTRY: PAGE 2 OF THE ATTACHED DOCUMENT STILL
> CONTAINS PERSONAL IDENTIFIERS. PLEASE REFER TO W.PA.LBR 9037-1
> REGARDING THE NEED TO FILE A REQUEST TO RESTRICT PUBLIC ACCESS

       TO BOTH DOC. NOS. 4 AND 8. (RE: related document(s): 8 Employee Income Records filed by Debtor Candis J Querio). (mgut) (Entered: 07/15/2020)

46.      On July 15, 2020, Attorney Fox again refiled the income records. [Dkt. No. 11]. The Court on July 16, 2020 entered another corrective entry, advising Attorney Fox that a request to redact must be filed [Dkt. No.12]:

> CORRECTIVE ENTRY: DOCUMENT HAS NOW BEEN PROPERLY REDACTED, HOWEVER, A REQUEST TO RESTRICT ACCESS TO THE UNREDACTED DOCUMENTS MUST STILL BE FILED, WITH THE COMPLETE, REDACTED VERSION OF ALL PAGES OF THE INCOME RECORDS ATTACHED, AND THE FILING FEE PAID IN ACCORDANCE WITH W.PA.LBR 9037-1. (RE: related document(s): 11 Employee Income Records filed by Debtor Candis J Querio). (mgut) (Entered: 07/16/2020)

47.      Attorney Fox failed to file the required request to restrict public access in response to the Clerk's directive. He also failed to respond to the United States Trustee's inquiry regarding this issue or to take any corrective action. Unfortunately, Attorney Fox has likewise failed to secure the redaction of personal identifiers in at least one other recent case.[1]

### III. ATTORNEY FOX SHOULD BE SANCTIONED FOR HIS VIOLATION OF 11 U.S.C § 526

48.      The Debtor is an assisted person within the meaning of 11 U.S.C. § 101(3).

49.      Attorney Fox is a debt relief agency within the meaning of 11 U.S.C. § 101 (12A).

50.      Pursuant to 11 U.S.C. § 526(a)(2), a debt relief agency shall not

> make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of

---

[1] The United States Trustee is aware of at least one other recent case in which Attorney Fox has similarly failed to file a motion to redact. The United States Trustee is providing the identity of that case to Attorney Fox but is not disclosing it herein, so as to avoid the potential compromise of additional personal identifiers.

reasonable care, should have been known by such agency to be untrue or misleading.

51. Attorney Fox intentionally violated § 526 by counseling and/or advising the Debtor to make the statement in response to Statement Financial Affairs question 18 that she made no transfers, including transfers made for security, within the two (2) years prior to the filing of this case.

52. That statement is untrue or misleading and, upon the exercise of reasonable care should have been known by Attorney Fox to be untrue or misleading.

53. Attorney Fox intentionally violated § 526 by counseling and/or advising Ms. Querio to make the statement in response to Statement Financial Affairs question 7 that she made no payments to insiders.

54. That statement is untrue or misleading, and upon the exercise of reasonable care, should have been known by Attorney Fox to be untrue or misleading.

55. Pursuant to 11 U.S.C. § 526(c)(5)(B), an appropriate civil penalty should be imposed against Attorney Fox.[2]

## IV. ATTORNEY FOX SHOULD BE DIRECTED TO REFUND COMPENSATION PURSUANT TO 11 U.S.C. § 329

---

[2] Attorney Fox also filed a Declaration of Electronic filing [Dkt. No. 13] in which he represented

> I further declare that I have examined the above debtor's petition, schedules, and statements and, to the best of my knowledge, information and belief, they are true, correct, and complete.

As the result of the false representations concerning the Debtor's transfer of property and her payments to an insider, Attorney Fox knew or reasonably should have known that information in the Statement of Financial Affairs was not true, correct and complete.

56. 11 U.S.C. § 329 provides in relevant part:

(a) Any attorney representing a debtor in a case under this title, or in connection with such case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to [the debtor].

57. Rule 2017(a) states in relevant part: "On motion by any party in interest . . . the court, after notice and a hearing may determine whether any payment of money . . . by the debtor, made directly or indirectly and in contemplation of the filing of the petition under the Code by . . . the debtor . . . to an attorney for services rendered or to be rendered is excessive." *See* Fed. R. Bankr. P. 2017(a).

58. Attorney Fox's services were of no value to the Debtor, and all amounts paid by the debtor to Attorney Fox exceed the reasonable value of his services in this case. As such, all fees paid to Attorney Fox must be returned to the Debtor.

V. **WHEN DETERMINING APPROPRIATE SANCTIONS IN THIS CASE, THE COURT SHOULD ALSO CONSIDER ATTORNEY FOX'S WIDESPREAD, DEFICIENT PRACTICES IN THE REPRESENTATION OF THE DEBTOR**

A. **Attorney Fox has filed documents containing personal identifiers and has failed to obtain their redaction as instructed by the Clerk of Court**

59. As noted in the foregoing paragraphs, Attorney Fox filed debtor records containing personal identifiers and failed to ensure their redaction, despite direction from the Clerk of Court and notice from the United States Trustee.

60. He has similarly neglected his duties in at least one other recent case.

  **B.**  **Attorney Fox failed to fully disclose his compensation as required by Bankruptcy Rule 2016.**

  61. Bankruptcy Rule 2016(b) requires the disclosure of all compensation paid by the debtor to her attorney:

> (b) Disclosure of Compensation Paid or Promised to Attorney for Debtor. Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by §329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. **A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.**

(emphasis added).

  62. As noted, in response to Statement of Financial Affairs question 16, the Debtor disclosed that she paid Attorney Fox $900.00 on January 22, 2020.

  63. In his Disclosure of Compensation form, Attorney Fox disclosed that he agreed to accept $1,200 for his services and that $900.00 was paid prior to filing, leaving a balance of $300.00. [Dkt. No. 1, p. 51].

  64. In response to inquiry by the United States Trustee, in his correspondence of December 30, 2020 (Exhibit C), Attorney Fox stated "There was additional compensation paid to me in the amount of approximately $900.00 to cover the filing fee and costs and the balance of my fees. A copy of my invoice is attached hereto."

  65. The invoice (Exhibit D) itemizes charges of $1,400.00 for his services and $403.00 in costs, for a total of $1,803.00, with $900.00 paid, leaving a balance of $903.00.

66. Attorney Fox violated Rule 2016 by not disclosing his additional charges prior to inquiry by the United States Trustee.

C. **Attorney Fox failed to prepare a written contract required by 11 U.S.C. § 528**

67. 11 U.S.C. § 528 provides:

> 11 U.S. Code § 528 - Requirements for debt relief agencies
> (a) A debt relief agency shall—
>
> (1) not later than 5 business days after the first date on which such agency provides any bankruptcy assistance services to an assisted person, but prior to such assisted person's petition under this title being filed, execute a written contract with such assisted person that explains clearly and conspicuously—
>
> (A) the services such agency will provide to such assisted person; and
>
> (B) the fees or charges for such services, and the terms of payment;
> (2) provide the assisted person with a copy of the fully executed and completed contract;

68. As previously delineated, Attorney Fox is a debt relief agency within the meaning of 11 U.S.C. § 101 (12A), and the Debtor is an assisted person within the meaning of 11 U.S.C. § 101(3).

69. In his correspondence of December 30, 2020 (Exhibit D), Attorney Fox disclosed that, "I had no engagement letter with the debtor."

70. Attorney Fox's failure to prepare a written contact violates 11 U.S.C. § 528.

D. **Attorney Fox has failed to provide evidence of the Debtor's signature on required documents.**

71. Local Bankruptcy Rule 5005-15 provides:

**Rule 5005-15 PAPER RETENTION REQUIREMENTS**

(a) Documents that are electronically filed and require original signatures other than that of the Filing User, such as the debtor, corporate officers, etc., shall be

maintained in paper form by the Filing User for six (6) years from the date of case closing.
(b) On request of the Court, the Filing User shall provide original documents for review.
(c) Failure to maintain documents for the specified period shall subject the Filing User to sanctions, including, without limitation, disgorgement of fees.

72. Pursuant to this Court's April 14, 2020 Standing Order (Misc. Proc. 20-209), Attorney Fox was permitted to comply with the original signature requirement by alternative means such as securing the Debtor's digital signature, obtaining express written permission from the Debtor to affix the Debtor's /s/ signature, or obtaining an image of the signature page. To date Attorney Fox has failed to provide evidence under any of these methods.

> **E.     After his mortgage scheme was discovered by the Trustee, Attorney Fox filed a dubious motion to dismiss the Debtor's bankruptcy and, in the face of objections thereto, failed to appear for the hearing thereon.**

73. Following Trustee Swope's commencement of Adversary 20-2192 GLT, Attorney Fox filed a "Debtor's Motion to Withdraw Debtor's Chapter 7 Petition Filed at the Above Number" on December 15, 2020, which he scheduled for hearing on February 4, 2021. [Dkt. No. 36].

74. The cause cited for dismissal: "The Movant [Debtor] is now desirous of withdrawing her Chapter 7 Petition."

75. Obviously, the unstated cause for Attorney Fox being desirous of withdrawing the petition was that Trustee Swope discovered that the Mortgage was granted, to an insider, in 2020 rather than 2013, and that his ill-advised scheme had exposed the Debtor's real estate to sale by the Trustee.

76. Objections to the motion were filed by Trustee Swope, the United States Trustee and a creditor, Parks Township Municipal Authority.

77.     Attorney Fox failed to appear for the hearing on his motion on February 4, 2021, and the motion was denied.

## VI.    CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that this Honorable Court enter an order imposing a monetary sanction against Attorney Fox, denying all fees in this case, requiring the return of all fees to the Debtor, and granting such further relief as the Court deems equitable and just.

Respectfully Submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
Regions 3 and 9

Dated: February 16, 2021

By: /s/ Jodi Hause
Jodi Hause, Trial Attorney
PA ID NO. 90625
Liberty Center, Suite 970
1001 Liberty Ave.
Pittsburgh, Pennsylvania 15222
(412) 644-4756 Telephone
(412) 644-4785 Facsimile
Jodi.Hause@usdoj.gov